UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GARY W. CAMPBELL and
CATHERINE A. CAMPBELL,                    District Court No. 10-12630
                                          Bankruptcy Court No. 08-33038
     Debtors.
                                          Hon. John Corbett O'Meara
_____/

BERNARD and LORRAINE MURAWSKI,

     Plaintiffs,

v.

GARY W. and CATHERINE A. CAMPBELL,

     Defendants.
_____/

## ORDER DENYING DEFENDANTS-APPELLANTS' MOTION FOR LEAVE TO APPEAL

     Before the court is Defendants Gary W. Campbell and Catherine A. Campbell's motion for leave to appeal the bankruptcy court's order denying their motion for summary judgment. Plaintiffs Bernard Murawski and Lorraine Murawski filed a response in opposition. The court did not hear oral argument. For the reasons stated below, Defendants' motion for leave to appeal is denied.

     In the bankruptcy court, Plaintiffs commenced an adversary proceeding against the Defendant Debtors by filing a three-count complaint. In Counts I and II, Plaintiffs seek a non-dischargeability of debt determination under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). In Count III, Plaintiffs seek a declaratory ruling on whether a permanent injunction entered in the parties'

state court litigation meets the definition of being a debt or claim under the Bankruptcy Code to be subject to the Debtors' Chapter 13 discharge. The Debtors moved for summary judgment on the complaint, which was denied by the bankruptcy court in a 24-page opinion. The Debtors then filed a motion for leave to appeal in this court on July 1, 2010.

Debtors seek to appeal the portion of the bankruptcy court's order denying summary judgment as to Count II of the complaint, only. Because the bankruptcy court's order denying summary judgment is not a final order, Debtors may appeal only with leave of the court. See 28 U.S.C. § 158(a)(3). "[I]nterlocutory bankruptcy appeals should be the exception, rather than the rule." United States Trustee v. PHM Credit Crop., 99 B.R. 762, 767 (E.D. Mich. 1989); see also In re A.P. Liquidating Co., 350 B.R. 752, 755 (E.D. Mich. 2006) (Hood, J.). Because section 158(a) does not contain criteria to guide the court's discretion in granting interlocutory bankruptcy appeals, courts look to the standards governing interlocutory appeals pursuant to 28 U.S.C. § 1292(b). Id. The court may permit an interlocutory appeal if "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." A.P. Liquidating, 350 B.R. at 755 (quoting West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002)). Interlocutory review "is granted sparingly and only in exceptional cases." Id.

Debtors have not articulated how their appeal meets the above criteria. They have not demonstrated that a substantial ground for difference of opinion exists regarding the correctness of the bankruptcy court's decision to deny summary judgment on Count II. Further, an appeal at this stage would not materially advance the ultimate termination of this litigation, because

regardless of this court's decision on Count II, Counts I and III remain to be adjudicated in the bankruptcy court. The court is not persuaded that this is an "exceptional" case appropriate for interlocutory appeal.

Accordingly, IT IS HEREBY ORDERED that the Defendants/Debtors motion for leave to appeal is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: February 28, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 28, 2011, using the ECF system and/or first-class U.S. mail.

s/William Barkholz
Case Manager